# EXHIBIT A

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SHERITA ASH,

    Plaintiff,

VS.

CADENCE BANK, N.A.
formerly d/b/a
BANCORPSOUTH,

    Defendant.

No. CH-22-0514 Part 1



FILED
SHELBY COUNTY
CHANCERY COURT
APR 1 2 2022
W. AARON HALL, C&M
TIME: 15:54 BY:

**COMPLAINT TO RESTRICT AND PROHIBIT FORECLOSURE,
FOR DAMAGES, AND FOR LEGAL AND EQUITABLE RELIEF**

To the Honorable Judges of the Chancery Court for the Thirtieth Judicial District at Memphis:

1. Plaintiff is a resident and citizen of Shelby County, Tennessee and she has been so at all relevant times with respect to the allegations herein. She permanently resides at 5074 Will Fall Ln., Arlington, Shelby County, Tennessee, 38002.

2. Defendant Cadence Bank f/d/b/a BancorpSouth, upon information and belief, is a national banking association authorized to do business in the State of Tennessee. It is the mortgage servicer and/or owner of the mortgage which is the subject of this litigation. It is the real party in interest and moving party for a foreclosure that is now not scheduled but is feared to be scheduled.

3. Plaintiff has received *inadequate and misleading notice* of any default or potential foreclosure.

Plaintiff has refused to accept payments that have been offered to cure the default in advance of any sale.

The Plaintiff has been involved with negotiations upon the payments with a view toward a complete loan reinstatement or a modification that will act as a reinstatement.

During the life of the mortgage the payments have been less than $1400.00 per month. The Plaintiff has lived in the property about ten (10) years.

As to one of her previous modification efforts the Defendant advised her that she could not be approved for a modification agreement because of her *gambling winnings*.

4. Plaintiff further alleges that the charges and fees which have been run up on the account are excessive, duplicative, and have led to further and additional defaults and she would demand strict proof of any and all money which is due on the loan and proof certain by ledger card or otherwise that a default exists as claimed by the Defendant.

5. Plaintiff alleges that the Deed of Trust in this instance is a contract of adhesion; not contemplated, read or negotiated by the parties, and that the process in Tennessee of foreclosure by a Trustee on the courthouse steps denies citizens of rights they would otherwise have to under due process under the law.

Plaintiff alleges that the Defendant has not applied payments as provided for in the Deed of Trust and note since it has received the assignment and ownership of the loan. More specifically, the Defendant has mismanaged the escrow account in relationship to the loan which was supposed to address taxes and insurance. The Defendant has assured a generous profit to itself on the configuration of the escrow, and upon information and belief, has also used "forced place" insurance on the property through an entity or company in which it is a

stakeholder.

6   Plaintiff further alleges that the mortgage product which financed this loan was abusive and predatory, and resulted in a huge increase in the loan payment, and further, that the loan from the outset was calculated to result in a default through techniques such as front-loading huge fees.

Plaintiff alleges that the Defendants have misrepresented themselves, and have continued to do so, in that the closing on his home for the loan that was obtained resulted in a fraudulent and deceptive loan, which has been serviced and maintained by misrepresentation. Such misrepresentation and fraud has included, but is not limited to these specific allegations·

A) Creation of false escrow charges that enrich the Defendant;

B) Misapplication of money received under the note and deed of trust such that late charges and fees are paid before actual notes, misapplication of modification proceeds and modification information;

C) The selling and marketing of this loan under an loan scheme which abusively does not advise consumers of what the mortgage obligation is and how it is likely to increase;

D) A fluctuating interest rate and obligation which is not clearly explained;

E) And, the addition of attorney fees and late charges that are in excess of any actual loss or any actual fee paid.

7. As a result of the concerted conduct of the Defendant the Plaintiff has been damaged, has no peace of mind with respect to the property, and has lost financing opportunities and other avenues of relief.

8  As a result of not receiving proper notices, or notices that explain the loan or the alleged loan default, the Defendant has left your Plaintiff with no timetable that is manageable for the reinstatement of her loan. In fact, she has been told it is an impossibility.

9. Of the money that the Plaintiff allegedly owes on the mortgage, it is alleged that the majority of the past due funds are attorney fees, unexplained mortgage charges, escrow advances that were not disclosed or explained, and/or tax advances that should not have been necessary in the case if the Defendants had properly calculated the funds needed on an ongoing basis starting about four (4) years ago.

Plaintiff has no adequate remedy at law for the property, and she will suffer an irreparable injury in the event that the property is allowed to have some putative foreclosure occur.

10. Plaintiff has in good faith tried to contact and discuss this matter with the lender. She has been hampered in this regard because the mortgage department has insufficient employees to review these situations. They tend to ask for information repeatedly, lose information which has been furnished to them, and set unrealistic time periods for loan review while a foreclosure is pending.

11. Defendant in response to this complaint will without doubt allege that the allegations here are "conclusory" and will be able to site a huge body of law which has been built up in this Circuit and State to protect the illicit actions of the Defendant and similar Defendants  However, Plaintiff specifically alleges that the balance on her statements from the Defendants are wrong, that they refuse or neglect to provide any accurate statements to her or her counsel, and that in totality it will skirt the issue of actual providing such to this or

any court. Plaintiff has no idea what she owes the Defendant. Plaintiff prays that this court will attempt to ascertain how and what she owes since she has been unable to do so.

11. A. Plaintiff alleges that allowing any sale to go forward during the COVID-19 outbreak and business closures is unfair, unreasonable, and does not allow or afford a reasonable chance for a fair and honest foreclosure sale.

12. Pursuant to Rule 65 of the Tennessee Rules of Civil Procedure the Plaintiff has alerted Cadence Bank that a temporary restraining order or injunction shall be sought with respect to the present sale date   Plaintiff greatly needs an injunction to preserve the status quo and protect her interest in the property, however, she is unsure who is supposed to be servicing and handling the consumer aspect of his loan at this time.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1  That a copy of this suit be served upon the Defendant and that they be required to answer this suit or suffer a judgment by default.

2. For ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages from the Defendants for the losses and conduct which is detailed above.

3. For the right to amend this complaint after discovery and additional information is uncovered.

4. For a temporary restraining order, preliminary injunction and/or permanent injunction to protect the rights of the Plaintiff and keep him in his home until this litigation can be resolved.

5. For such further and other relief as to which the Plaintiff may be entitled.

RESPECTFULLY SUBMITTED,

/s/ Ted I. Jones

TED I JONES, #11017
JONES & GARRETT
Professional Association
Suite 1200
2670 Union Avenue, Extended
Memphis, Tennessee  38112
(901) 526-4249, office
(901) 568-2292, cell
Attorney for the Plaintiff

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE.**